IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT KEYES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-633-G-BN |
| | § | |
| WELLS FARGO BANK, N.A., PHH, | § | |
| MORTGAGE CORPORATION, OCWEN | § | |
| LOAN SERVICING, LLC, POWER | § | |
| DEFAULT SERVICES, INC., and | § | |
| AVT TITLE SERVICES LLC, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior Judge A. Joe Fish. *See* Dkt. No. 3.

The essence of Plaintiff Albert Keyes's complaint is that his mortgagee and mortgage servicers violated the Real Estate Settlement Procedures Act ("RESPA"), violated the Texas Debt Collection Practices Act ("TDCA"), and breached their contract with Keyes by failing to honor the terms of his two Deeds of Trust and his loan modification agreement and by improperly arranging to foreclose on his home.

Defendant AVT Title Services, LLC ("AVT") has filed a motion to dismiss Keyes's complaint pursuant to Texas Property Code § 51.007 and Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 15 & 16. Keyes has filed his response in

opposition to AVT's motion, *see* Dkt. No. 21, and AVT has filed a reply, *see* Dkt. No. 22.

AVT argues that it is not a necessary party to this case because it is merely an addressee for potential substitute trustees that might have been, but were ultimately not, appointed to conduct the scheduled foreclosure sale that gave rise to this case. *See* Dkt. No. 16.

In Keyes's three-page response in opposition to AVT's motion, he argues that AVT is liable to him under the Texas Debt Collection Act ("TDCA") because AVT did not strictly comply with the Texas Property Code when it listed the names and addresses of the potential substitute trustees. *See* Dkt. No. 21 at 2.

For the reasons and to the extent explained below, the Court should grant AVT's motion and dismiss Keyes's claims against AVT with prejudice.

## Background

On August 3, 2006 Albert Keyes purchased real property located at 5323 Blaney Way, Dallas, Texas 75227 (the "Property"). *See* Dkt. No. 1-4 at 4.

To finance the purchase of the property, Keyes obtained two loans for a total of $135,000 by executing two separate promissory notes (the "Notes") and two separate deeds of trust (the "Deeds of Trust"), both payable to Option One Mortgage Corporation ("Option One"). *See id.*

The first loan and promissory note was for $108,000 and was secured by a deed of trust encumbering the Property. *See id.* The second loan and promissory note was for $27,000 and was secured by a second deed of trust encumbering the Property.

Upon default by the borrower, the Notes allow the owner and holder to accelerate the maturity date on the loan which makes the full remainder of the loan balance due immediately. *See id.* at 23. The Deeds of Trust permit the owner and holder to foreclose on the Property in order to satisfy the remaining loan balance. *See id.* at 30.

On some later date, Homeward Residential, Inc. became Keyes's mortgage servicer. *See id.* at 5.

And, on June 6, 2009, Keyes filed for Chapter 13 bankruptcy relief. *See id.*

On March 1, 2013, Ocwen Loan Servicing LLC ("Ocwen") became Keyes's mortgage servicer. *See id.*

Keyes's bankruptcy was discharged on September 26, 2014. *See id.* After Keyes's bankruptcy was discharged, Ocwen notified him that he was $13,000 behind on his mortgage payments. *See id.* But, in Keyes's complaint, he alleges that through bankruptcy he learned that he had paid Homeward a total of $25,000 that was either never applied or forwarded to Ocwen. *See* Dkt. No. 1-4 at 5. Keyes alternatively alleges that Ocwen failed to manage and apply those payments. *See id.*

Keyes alleges that, as a result of the missed mortgage payments, Ocwen arranged to foreclose on the property. *See id.* Because of the foreclosure, Keyes "was forced to file another bankruptcy to save his home." *Id.*

While in bankruptcy, Keyes alleges that he received a loan modification offer from Ocwen. *See id.* Keyes alleges that he accepted and returned the executed loan modification offer to Ocwen. *See id.*

But Keyes alleges that, before he could start making payments under the modified loan agreement, the loan was transferred to PHH Mortgage Corporation ("PHH"). *See id.*

Keyes alleges that PHH would not accept the modified loan payments that he was making. *See id.* PHH instead sent Keyes a notice of acceleration and claimed that Keyes's mortgage was past due in the amount of $5,000. *See id.*

Keyes disputed the amount owed via a letter to Ocwen dated September 23, 2017. *See id.* at 6. On October 3, 2017, Keyes also sent PHH a letter disputing the amount owed. *See id.*

Despite the payment dispute, the Property was posted for foreclosure sale in November 2017. *See id.* In response, Keyes filed for bankruptcy relief in October 2017, which was discharged in August 2018, and he filed for bankruptcy again in September 2019. Keyes's September 2019 bankruptcy filing was discharged in December 2019.

Then, PHH reposted the Property for foreclosure sale on March 3, 2020. And, on March 2, 2020, Keyes filed this action in the County Court at Law No. 2, Dallas County, Texas. *See* Dkt. No. 1-4.

In his original complaint, Keyes alleges claims for violations of RESPA, the TDCA and for breach of contract. *See id.* Keyes contends that Ocwen and PHH violated RESPA when they failed to consider his executed loan modification after his second bankruptcy. *See id.* at 7. Keyes also claims that, because PHH failed to comply with RESPA as a transferee servicer, and because Wells Fargo authorized

4

foreclosure, Wells Fargo and PHH breached the Deed of Trust. *See id.* at 9. And Keyes asserts that Wells Fargo, PHH, PDS, and AVT violated the TDCA by taking or threatening to take action prohibited by law in order to collect a debt. *See id.* at 10.

On March 12, 2020, AVT filed its original answer and verified plea in state court. *See* Dkt. No. 1-6. In its answer, AVT generally denies the allegations in Keyes's complaint. *See id.* AVT also claims that it is not a necessary party and that it was included in the case was because it was listed as potential substitute trustee under the Deeds of Trust pursuant to Texas Property Code § 51.007. *See id.*

AVT claims that the only reason that it was included in this case was because it allegedly failed to comply with Section 51.007. *See id.* Under Texas Property Code § 51.0075(e), a notice of sale must include the name and street address for the substitute trustee. But, here, the notice of sale only included PDS's and AVT's address and therefore did not comply with Section 51.0075(e).

On March 13, 2020 Defendants Wells Fargo, PHH, Ocwen, and PDS removed this action to federal court based on the court's federal question jurisdiction over Keyes's RESPA claim and supplemental jurisdiction over the TDCA and breach of contract claims. Defendants also claim that removal is proper under diversity jurisdiction based on complete diversity of the parties and the amount of controversy is over $75,000. Defendants claim that, while PDS and AVT are Texas citizens, their citizenship should be disregarded because they have been improperly joined in this action.

5

Defendants argue that Keyes does not plead any allegations in his complaint that suggests any act or omission by AVT. *See id.* at 9. Defendants argue that AVT's only involvement in this case "is that it was listed as a potential substitute trustee on a form letter." *Id.*

And, on April 14, 2020, AVT filed a motion to dismiss Keyes's complaint. *See* Dkt. No. 16 at 1. AVT argues that it is not a necessary party to this action "because it was named solely as being an addressee for substitute trustees appointed to conduct a foreclosure sale." *Id.*

AVT argues that Keyes's claims against it should be dismissed because, after AVT filed its answer and verified plea, Keyes failed to file a timely response as required under Texas Property Code § 51.007(b). *See id.* Alternatively, AVT claims that Keyes has failed to state a claim on which relief can be granted. *See id.*

Keyes filed his response in opposition on May 13, 2020. *See* Dkt. No. 21. In Keyes's response, he argues that his duty to respond to AVT's answer and verified plea was not even triggered because AVT failed to state the basis for its reasonable belief that AVT was named as a party in the capacity as a trustee. *See id.* at 1. Keyes also argues that AVT is liable under the TDCA because, by failing to provide the address of the potential substitute trustees, AVT failed to strictly comply with the Texas Property Code. *See id.* at 2.

The undersigned now concludes that AVT's motion to dismiss [Dkt. No. 15] should be granted, and the Court should dismiss Keyes's claims against AVT with prejudice.

## Legal Standards

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under

7

*Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 574 U.S. at 12), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224

8

F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim.*" Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for

9

the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

I. <u>The Court need not address improper joinder</u>

As a threshold matter, the Court need not address whether Defendants have established improper joinder where the removing defendants have established that subject-matter jurisdiction lies under 28 U.S.C. § 1331 based om Keyes's alleged RESPA claims and under 28 U.S.C. § 1367(a) over the remaining state law claims. *See* Dkt. No. 1; *Good v. Prof-2013-S3 Legal Title Trust IV by U.S. Bank Nat'l Ass'n*, No. 3:17-cv-2967-M-BN, 2018 WL 654550, at *3 (N.D. Tex. Jan. 8, 2018) ("Further, Wells Fargo established in its Notice of Removal – and Good does not contest – that the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Good's state law claims because they "share a common nucleus of operative facts with his federal claims in that Plaintiff's claims in this matter are all based on the same alleged wrongful conduct relating to the foreclosure of the Property." Dkt. No. 1 at 5. And Good has not asserted – and there does not appear to be – any basis for the Court to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). Accordingly, 28 U.S.C. § 1441(c) is not implicated here."); *Richards v. Newport Strategic Search, Inc.*, No. 3:16-cv-169-B, 2016 WL 10906448, at *4 (N.D. Tex. May 12, 2016) ("In sum, Richards's Original Petition can be read one of two ways: either he seeks only a declaration interpreting the contract, in which case Ellis is not a proper party and

diversity exists between Richards and the remaining Defendants; or he seeks a declaration of Ellis's potential liability under the FLSA, in which case his claim 'aris[es] under the ... laws ... of the United States.' 28 U.S.C. § 1331. Either way, this Court has subject-matter jurisdiction, and Richards's Motion should be denied.").

II.  <u>Dismissal is proper under Texas Property Code § 51.007</u>

AVT first argues that Texas Property Code § 51.007 creates qualified statutory immunity from liability for substitute trustees. *See* Dkt. No. 16 at 2. AVT argues that it must be dismissed from this case because Keyes failed to file a verified response within 30 days of AVT's verified denial, as required by the Texas Property Code. *See id.*

On March 12, 2020, AVT filed a verified denial of the allegations in Keyes's complaint and asserted that it was not a necessary party in this action. *See* Dkt. No. 1-6 at 2. AVT argues that, to avoid dismissal under Section 51.007, Keyes was required to file a verified response by April 13, 2020. *See* Dkt. No. 16 at 2. Keyes has filed no such response to date.

And AVT claims that Keyes does not assert any claims against AVT that do not relate to AVT's involvement in this matter as an addressee for potential substitute trustees. *See* Dkt. No. 16 at 3. AVT thus argues that Keyes's allegations are insufficient to support claims against AVT that derive from anything other than its function as a substitute trusted. *See id.*

AVT argues that, under Texas Property Code § 51.007, it filed a verified denial stating the basis for its reasonable belief that it was named as a party solely due to

its connection to the substitute trustees named under the deed of trust. *See* Dkt. No. 16 at 3. AVT argues that, because Keyes did not respond to that verified denial, his claim against AVT must be dismissed. *See id.*

In Keyes's response, he argues that his duty to respond to AVT's verified denial was not triggered because AVT failed to state the basis for its reasonable belief as required under Section 51.007(a).

The undersigned agrees with AVT and concludes that dismissal would be proper under Texas Property Code § 51.007.

Section 51.007 provides that a trustee named in a suit may plead that the trustee is not a necessary party by filing a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in its or his capacity as a trustee under a deed of trust, contract lien, or security instrument. TEX. PROP. CODE § 51.007(a). Once a verified denial is filed, the other parties to the suit may then file a verified response, rebutting the trustee's verified denial, within 30 days after the filing of the verified denial. *See id.* § 51.007(b). If no verified response is filed, "the trustee shall be dismissed from the suit ... without prejudice." *Id.* § 51.007(c).

Here, AVT filed its verified denial on March 12, 2020. *See* Dkt. No. 1-6. In its verified denial AVT claims that it

> is not a necessary party to this cause of action by reason of its reasonable belief that it was named as a party solely in its capacity as a substitute trustee under a Deed of Trust as contemplated by Section 51.007 of the Texas Property Code. Plaintiff's Original Petition demonstrates that all of its claims against Defendant relates to their alleged actions taken as a substitute trustee. (*See* Original

12

> Petition at ¶ 42, Prayer). Plaintiff brings a claim against Defendant for an injunction and seeks only to restrain Defendant in its trustee capacity from proceeding with the subject foreclosure sale.

Dkt. No. 1-6 at 1. In paragraph 42 of Keyes's complaint, he alleges that AVT failed to include the addresses of the trustees identified in the Notice of Sale who would conduct the foreclosure sale at issue in this case. *See* Dkt. No. 1-4 at 9. Indeed, the entire basis of Keyes's claim against AVT is based on AVT's alleged failure to provide the addresses of individual substitute trustees in the Notice of Sale. *See id.* at 9-11.

Keyes filed his complaint on March 2, 2020 and claimed that AVT violated the TDCA by failing to comply with the notice requirements under RESPA and the Texas Property Code. *See id.* On March 12, 2020, AVT filed its verified denial and asserted that it reasonably believed that it had been sued solely in its role as a substitute trustee and cited to the paragraph in Keyes's complaint that formed the basis for its reasonable belief. *See* Dkt. No. 1-6 at 1. Keyes failed to timely file a verified response as Section 51.007 requires.

The Court should therefore dismiss AVT from this action.

III.   Dismissal is proper under Rule 12(b)(6)

Even if dismissal was not proper under Section 51.007 of the Texas Property Code, Keyes fails to state a claim upon which relief can be granted under Rule 12(b)(6).

In Keyes's complaint he claims that AVT violated Texas Debt Collection Act (TDCA) for allegedly misrepresenting that the Property could be sold at foreclosure sale.

Specifically, Keyes's identifies AVT as a debt collector participating in debt collection and alleges that AVT violated Texas Finance Code § 392.301(a)(8) by "using threats, coercion, or attempts to coerce that employ any of the following practices: threatening to take an action prohibited by law." Dkt. No. 1-4 at 11. Keyes alleges that AVT violated the TDCA when it noticed the March 3, 2020 foreclosure sale "absent a valid contractual right to foreclose." *Id.*

But, in Keyes's complaint, he alleges that it was PHH, and not AVT, that noticed the March 3, 2020 foreclosure sale. *See id.* at 4-6. In fact, Keyes's own exhibits show that AVT was listed on the notice of sale as the addressee for potential substitute trustees. *See id.* at 40-45.

AVT points out that the notice of sale names many different substitute trustees, who are divided into two groups. *See* Dkt. No. 16 at 4. One group lists their mailing address as being Defendant Power Default Services. *See id.* The other group has their mailing address as that of AVT. *See id.* And the notice is signed by Camisha Scott, an individual who is named as substitute trustee and who lists her address as Power Default Services. *See id.* Thus, it appears that AVT's involvement in this matter is that it is listed as the address for potential substitute trustees.

In Keyes's response, he argues that AVT is liable under the TDCA because its address – and not the named substitute trustees – is listed on the notice of acceleration. *See* Dkt. No. 21 at 2. Keyes argues that, because the address of the named substitute trustee is not included in the notice, AVT failed to comply with the Texas Property Code.

14

But, as AVT points out, the substitute trustees were named, and a mailing address was specified for them. *See* Dkt. No. 1-4 at 45. And the Texas Property Code does not prohibit a mortgage lender from appointing several potential substitute trustees who share the same mailing address.

And, even if Keyes did plead sufficient facts to establish that AVT violated the TDCA, he has failed to adequately plead that he suffered actual damages.

The TDCA provides that a plaintiff "may sue for: (1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." TEX. FIN. CODE § 392.403. To maintain an action under the TDCA, a plaintiff must plead actual damages. *See McCartney v. CitiFinancial Auto Credit, Inc.*, No. 4:10-cv-424, 2010 WL 5834802, at *6 (E.D. Tex. Dec. 14, 2010) (citing *Naranjo v. Univ. Surety of Am.*, 679 F. Supp. 2d 787, 801-802 (S.D. Tex. 2010) ("Texas courts have stated that a plaintiff who cannot prove actual damages cannot 'successfully maintain an action under the [TDCA]' " (citations omitted))).

Here, Keyes fails to plead any facts sufficiently indicating what his actual damages are, especially since the obvious source of potential TDCA damages – foreclosure – is absent here.

Keyes does claim that he has "suffered sleepless nights, loss of appetite, fatigue, lack of concentration, sever anxiety, humiliation, despair and indignation as well as headaches, stomachaches, neck aches, backaches and other types of chronic types of pain." *See* Dkt. No. 1-4 at 12. But Keyes offers no direct evidence of the nature or duration of these conditions and pleads no facts that could connect AVT to them.

15

Keyes has stated no facts to establish his TDCA damages.

## Recommendation

For the reasons explained above, the Court should grant AVT's motion under Texas Property Code § 51.007 and Rule 12(b)(6) [Dkt. Nos. 15 & 16] and dismiss Keyes's claims against AVT with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 23, 2020

_____
DAVID L. HORAN

.

UNITED STATES MAGISTRATE JUDGE